IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP JAY STERLING, JR.                                                                                    PLAINTIFF

v.                              Civil No. 6:21-cv-06115

SHERIFF TRAVIS HILL,
Pike County, Arkansas                                                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Phillip J. Sterling, Jr. ("Sterling"), pursuant to 42 U.S.C. § 1983. Sterling proceeds *pro se* and *in forma pauperis* ("IFP"). Sterling maintains he was improperly extradited from Pike County, Arkansas, to Tarrant County, Texas. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court on the Motion for Summary Judgment (ECF No. 16) filed by the Defendant, Sheriff Travis Hill ("Sheriff Hill") of Pike County, Arkansas. Sterling has responded. (ECF Nos. 20, 21). Sheriff Hill filed a reply. (ECF No. 22). The Motion is ready for decision.

### I.    BACKGROUND

On June 19, 2019, a two-count indictment was filed against Sterling in Tarrant County, Texas, in *State of Texas v. Sterling*, Case No. 1583147. (ECF No. 18-2 at 15). Sterling was charged with the continuous sexual abuse of a child-under the age of 14 for a period of 30 days or more in duration and the sexual assault of a minor under the age of 14.  *Id.*

On April 1, 2021, a fugitive warrant was issued by the 432nd District, County of Tarrant,

1

Texas.  (ECF No. 18-2 at 5).  Sterling was arrested in Pike County, Arkansas, on April 2, 2021. *Id.* at 3.  On April 7, 2021, for verification of Sterling's identity, Jeffrey Farr of the Tarrant County Sheriff's Office sent Sterling's photograph and fingerprints to Pike County.  *Id.* at 16, 20-23.

On May 14, 2021, the designee of the Governor of Texas issued a warrant/requisition requesting that Sterling be delivered to Tarrant County Sheriff Bill Waybourn or his designated agent.  (ECF No. 18-2 at 9).  On May 25, 2021, Arkansas' Governor Asa Hutchinson issued a warrant commanding the delivery of Sterling to Sheriff Waybourn or his designee.  *Id.* at 8. Sterling was released to Deputies William Gudgell and Stacy Rhines of the Tarrant County Sheriff's Office on June 1, 2021.  *Id.* at 4.  Sterling remains in the custody of Tarrant County. (ECF No. 18-3 at 1-4).

Sterling alleges he was falsely imprisoned in Pike County in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments.  (ECF No. 1 at 5; ECF No. 10 at 1-2).  He maintains case number 6:21-cv-06049 is an "admission of guilty. Which leads to false imprisonment."  (ECF No. 1 at 5)*.*  Sterling maintains he was unlawfully extradited on June 1, 2021, in violation of the extradition laws and procedures.  *Id.* at 6.  Specifically, Sterling asserts that under Arkansas law once he was served a governor's warrant he should have been taken before a judge or justice of the peace, informed of the demand for his surrender and advised of the crime with which he was being charged, and advised of his right to counsel; and, "if the prisoner or his counsel shall state that he or they wish to test the legality of his arrest; the court shall allow a 30 day period for prisoner to contest by way of a writ of habeas corpus."  (ECF No. 10 at 2).

Sterling maintains he was not taken before a judge and was denied his right to counsel and to contest the extradition.  (ECF No. 10 at 2).  He maintains the extradition also denied his right

2

to liberty and to travel in violation of 18 U.S.C. § 241.  Sterling has sued Defendant in his official capacity only.  (ECF No. 1 at 6).  He seeks damages in accordance with 18 U.S.C. §§ 241-242, per officer, official, agent, or representative involved in the abuse of authority and for cruel and unusual punishment.  *Id.* at 9.  He also seeks damages on a per day basis for false imprisonment "since June 1st, 2021, through current date—7-13-2021."  *Id.*

## II. APPLICABLE STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *National Bank of Com. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor."  *Nat. Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott*

3

*v. Harris*, 550 U.S. 372, 380 (2007).

## III.  DISCUSSION

Sheriff Hill moves for summary judgment on the following grounds: (1) the Court lacks subject matter jurisdiction because Sterling has been extradited and there is no longer any case or controversy; (2) in accordance with the ruling in *Sterling v. Waybourn*, Civil Nos. 4:21-cv-608-P and 4:21-cv-755-P (N.D. Tex. Oct. 25, 2021) (ECF No. 18-1), the legality of Sterling's extradition is no longer the proper subject of any legal attack; (3) extradition was mandated by the Constitution and 18 U.S.C. § 3182; (4) there is no basis on which Pike County, legally the only Defendant, may be held liable; (5) Pike County is entitled to sovereign immunity under the Supreme Court's holding in *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781 (1997); and (6), alternatively, the case should be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007) and *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A.  The Existence of a Case or Controversy

In making this argument, Sheriff Hill relies on the ruling in *Sterling v. Hill*, Case No. 6:21-cv-06049, a habeas corpus case brought under 28 U.S.C. § 2254.  There, the Court noted that under the case and controversy requirement of Article III, § 2 of the Constitution, the habeas petitioner must, throughout the proceeding, have an "identifiable injury traceable to the respondent and likely to be redressed by a favorable outcome of the *habeas* proceeding."  (6:21-cv-06049; ECF No. 10 at 3 (report and recommendation adopted in its entirely ECF No. 13) (emphasis in original)).  The Court further noted that when a person seeks to challenge his proposed extradition in the asylum state, the issues are limited.  *Id.*  Given the fact Sterling was in the custody of Texas charged under a criminal indictment and the existence of valid warrants from the Governors of

4

both States, the Court concluded there was no further case or controversy. *Id.* The case was dismissed as moot for lack of a case or controversy. *Id.*

Sheriff Hill overreaches in making this argument. Clearly, the jurisdiction of federal courts extends only to actual cases or controversies. U. S. Const. art. III, §2, cl. 1. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (cleaned up). The federal courts lack the power "to decide questions that cannot affect the rights of litigants in the case before them." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (cleaned up). The party asserting that the case has become moot bears the "heavy burden of proving mootness." *Kennedy Bldg. Assocs.*, 375 F.3d at 745 (cleaned up).

It is true that the case or controversy requirement under Article III, § 2, of the Constitution applies to all types of cases. However, the inquiry into the existence of a case or controversy depends on a case-by-case analysis, including an analysis of the remedies available in each case. The available remedies are different for habeas corpus cases and damages suits under § 1983.

If a plaintiff seeks injunctive relief for past exposure to unlawful conduct, this does not show the existence of a case or controversy unless accompanied by continuing, present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *In re Pre-Filled Propane Tank Antitrust Litigation*, 893 F.3d 1047, 1054 (8th Cir. 2018). Here, since Sterling is no longer in Pike County, any claims for relief in the form of declaratory or injunctive relief are moot. *See e.g., Watts v. Brewer*, 588 F.2d 646, 648 (8th Cir. 1978) (inmate's claims for declaratory and injunctive relief mooted by his release). Indeed, Sterling's habeas corpus petition filed pursuant to 28 U.S.C. § 2254, *Sterling v. Hill*, Case No. 6:21-cv-06049, was dismissed as moot since

Sterling had been transferred to Texas.

In this § 1983 case, however, Sterling is seeking monetary damages for past constitutional violations; he has a personal stake in the outcome and an actual case or controversy exists. *See e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 113 (1983), finding no actual case or controversy with respect to claims for injunctive relief but noting that "[h]e still has a claim for damages against the City that appears to meet all Article III requirements," and further stating that "[i]f Lyons has suffered an injury barred by the Federal Constitution, he has a remedy for damages under § 1983." Defendant is not entitled to summary judgment on this ground.

## B. Preclusion by Texas Cases

Defendant maintains that in accordance with the ruling in *Sterling v. Waybourn*, Civil Nos. 4:21-cv-608-P and 4:21-cv-755-P (N.D. Tex. Oct. 25, 2021) (ECF No. 18-1), the legality of Sterling's extradition is no longer the proper subject of any legal attack. These consolidated cases involved two habeas petitions Sterling filed under § 2241 while a pretrial detainee in Tarrant County. (ECF No. 18-1 at 1). The United States District Court for the Northern District of Texas, Fort Worth Division, held that Sterling was not entitled to a writ of habeas corpus because he was already in the possession of the demanding state. *Id.* at 2. The Court found the "legality of his extradition is moot." *Id.* at 3. In so ruling, the Court relied on *Siegel v. Edwards*, 566 F.2d 958 (5th Cir. 1978), a case in which the plaintiff waived extradition with respect to burglary charges but then argued the extradition papers were rubber stamped instead of being personally signed. *Id.* at 959. Further, he argued he had not waived extradition as to any criminal charges except the burglary charges. *Id.* The Fifth Circuit rejected both arguments. *Id.* First, it noted that the plaintiff had been returned to Louisiana not as a result of the extradition papers but based

6

on his voluntary waiver. *Id.* at 959-60. Further, it noted that once he was in the custody of the demanding state, "legality of extradition is no longer proper[ly] subject of any legal attack." *Id.* at 960. The Fifth Circuit also held that once he was in Louisiana, he "was not exempt for trial for any criminal act committed in that state." *Id.*

The United States District Court for the Northern District of Texas also cited to *Hardin v. Pataki*, 320 F.3d 1289 (11th Cir. 2003). There, plaintiff argued he was "denied his right to a pre-extradition hearing, the right to be turned over to government agents, not a private extradition company, and the right to have a Governor's warrant issued for his arrest." *Id.* at 1292. The question presented was whether the § 1983 damages claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), in which the Supreme Court held a claim for damages under § 1983 is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the conviction or sentence had been invalidated. The Eleventh Circuit recognized "that individuals have a federal right to challenge their extradition by writ of habeas corpus" and "any denial of that right gives rise to a cause of action under 42 U.S.C. § 1983." *Hardin*, 320 F.3d at 1293; *see also Brown v. Nutsch*, 619 F.2d 758, 764 & n.8 (8th Cir. 1980) ("We hold that section 1983 provides a remedy for improper extradition in violation of the extradition clause and statute. . . .. Only those violations of state statutes which also violate the minimal requirements of the constitutional clause and the federal statute give rise to a section 1983 action").

In *Hardin*, the Eleventh Circuit noted that once a fugitive is in the custody of the demanding state, he no longer has a claim for release in habeas corpus. *Hardin*, 320 F.3d at 1299. "Thus, because federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where extradition is illegal, § 1983 must be." *Id.* If "the

extradition itself was justified, even though the procedures used to accomplish it were deficient . . . , [a] plaintiff cannot recover for any injury caused by the extradition; he can [however] recover for any injury, such as emotional distress, caused by the deprivation of due process itself.'" *Id.* at 1300 (quoting *Long v. Shillinger*, 927 F.2d 525, 528 (10th Cir. 1991)).  Thus, "[e]ven if Harden's extradition was justified, and even if he cannot show actual injury from the procedural violations, he still may recover nominal damages." *Id.* at 1301 (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978)).  The Eleventh Circuit thereafter held that plaintiff's § 1983 claims for damages were not barred by *Heck*.[1]  *Hardin*, 320 F.3d at 1301-02.

It is clear that the decision of the District Court for the Western District of Texas was limited to the issue of whether habeas relief was available to Sterling because of his claims that he was improperly extradited.  The Court held that habeas corpus relief was not available.  The Court's holding must be read in the context of the issues before it, which did not include whether Sterling would have a § 1983 claim based on his claims he was improperly extradited.  Defendant is not entitled to summary judgment on this ground.

### C. Extradition was Mandated by the Constitution and 18 U.S.C. § 3182

The extradition clause, U. S. Const. art. IV, §2, Cl. 2, provides that:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the Crime.

The Federal Extradition Act, 18 U.S.C. § 3182, which implements the Extradition Clause provides:

> Whenever the executive authority of any State . . . demands any person as a fugitive from justice, of the executive authority of any State . . . to which such person has

---

[1] This eliminates Defendant's sixth argument that *Heck* bars Sterling's claims.

> fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State . . . from whence the person so charged has fled, the executive authority of the State . . . to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

"Interstate extradition was intended to be a summary and mandatory executive proceeding." *Michigan v. Doran*, 439 U.S. 282, 288 (1978) (citations omitted). The asylum state courts have a limited role in connection with requests for extradition. *Id.* at 289. "A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Id.* Once extradition has been granted:

> a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Id.*

The Supreme Court concluded that "once the governor of the asylum state has acted on requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Id.* at 290.

In this case, as Defendant argues, extradition was mandatory. It is true that requisition was requested by the Governor of Texas and the Governor of Arkansas granted extradition. Sterling does not deny these warrants were issued; instead, he argues he did not receive the hearing mandated by the Constitutional provision for due process or the Arkansas extradition statutes. In *Brown v. Nutsch*, 619 F.2d 758 (8th Cir. 1980), the Court of Appeals for the Eighth Circuit found that § 1983 did provide "a remedy for improper extradition in violation of the extradition clause and statute." *Id.* at 764. It stated, "[t]he availability of section 1983 is even more compelling

when, through illegal state action, the prisoner has been denied any judicial review whatsoever."

*Id*.  This is precisely what Sterling maintains happened in this case.

Arkansas has adopted the Uniform Extradition Act, Ark. Code Ann. §§ 16-94-201, *et seq*.[2]

Section 16-94-210 addresses the rights of the accused and provides as follows:

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding the person shall have appointed to receive the person unless he or she has been informed of the demand made for his or her surrender and of the crime with which he or she is charged and that he or she has the right to demand legal counsel; and if the prisoner, his or her friends, or counsel shall state that he or she or they desire to test the legality of the arrest, the person shall be taken forthwith before a judge of a court of record in this state, who shall fix a reasonable time to be allowed the prisoner within which to apply for a writ of habeas corpus.  And when such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the public prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state.

Here, Sterling maintains he was denied the required hearing by the state courts, i.e., that he was denied procedural due process.  Section 1983 provides a remedy in such instances.  Defendant is not entitled to summary judgment on this ground.

### D.  No Basis of Liability for Pike County

As previously noted, Sterling has sued Sheriff Hill in his official capacity only.  An official capacity claim is considered a claim against the employing governmental entity, in this case, Pike County, Arkansas.  *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012).  "Section 1983 liability for a constitutional violation may attach to a municipality if the violation

---

[2] To the extent Sterling argues Defendant is liable based on Ark. Code Ann. § 16-94-211, his claim fails.  The statute provides a criminal penalty for noncompliance with the extradition statutes.  Victims of crime lack any legal right to compel criminal prosecution or to institute criminal prosecution.  *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir. 2003) (rejecting a § 1983 claim based on the violation of a criminal statute).  Similarly, 18 U.S.C. §§ 214-242 are both criminal statutes.  There are no private causes of action under these criminal statutes.  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 . . ..  These statutes do not give rise to a civil action for damages"); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (§ 241).

resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).

Sterling does not allege that any of Pike County's policies were unconstitutional.

The second method of establishing municipal liability is through the existence of an unofficial custom.

> [A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Corwin*, 829 F.3d at 700 (citation and internal quotation marks omitted).

Sterling points to only a single alleged violation of the Extradition Clause and the statutes implementing it. This is insufficient. *See, e.g., Johnson v. Douglas Cnty. Med. Dep't.*, 725 F.3d 825, 828 (8th Cir. 2013) (reiterating the need for multiple actual or alleged violations for liability under a custom theory). Further, Sterling does not contend that Sheriff Hill had actual knowledge or notice of the "unconstitutional acts by subordinates—a required element of each claim—nor did [Sterling advance any facts] from which such knowledge could be inferred." *Mick v. Raines*, 883 F.3d 1075, 1078 (8th Cir. 2018) (citing *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (A supervisor may be liable under § 1983 only if he had "notice of a pattern of unconstitutional acts committed by subordinates")).

The third and final method to establish Pike County's liability is by establishing the failure to train or supervise the offending actors caused the deprivation. *Parrish v. Ball*, 594 F.3d 993,

11

997 (8th Cir. 2010). Sterling does not argue the training on the Extradition Clause was inadequate. Rather, he merely contends that in his case, Sheriff Hill violated the protections he was afforded under the Constitution and the Arkansas extradition statutes. This is insufficient. To prevail, Sterling must show "that in light of the duties assigned to specific officers . . . the need for more training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Notice of the inadequacy of the procedures can be implied if (1) the failure to train "is so likely to result in a violation of constitutional rights that the need for training is patently obvious," or (2) a pattern of misconduct indicates the current training is insufficient to protect constitutional rights. *Id.* at 389. The causation standard is a rigorous one. *Parrish*, 594 F.3d at 1000. Sterling's allegations are insufficient to establish a failure to train claim.

As Sheriff Hill was the person in charge of the operations of the Pike County Sheriff's Office, no failure to supervise claim exists. On the facts of this case, Defendant is entitled to summary judgment as there is no basis of liability against Pike County.

### IV.  CONCLUSION

For these reasons, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 16) be **GRANTED and this case DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 15th day of April 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE